UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TRUSTEES OF THE HOLLOW METAL  :
TRUST FUND, TRUSTEES OF THE   :
HOLLOW METAL PENSION FUND and :
LOCAL 2790, UNITED BROTHERHOOD OF :
CARPENTERS AND JOINERS OF AMERICA, :
                                                                    :
                         **Plaintiffs**,     :
                                                                    :    12 Civ. 4664 (HB)
   - against -                                       :
                                                                    :    **OPINION & ORDER**
MORRIS FINE FURNITURE WORK SHOPS, :
INC.                                                             :
                                                                    :
                         **Defendant**.   :
------------------------------------------------------------------------x
**Hon. HAROLD BAER, JR., District Judge:**

       Plaintiffs move to confirm an arbitration award dated September 7, 2011 and to dismiss Defendant's crossclaim to vacate the award. Plaintiffs also request prejudgment interest and attorney's fees. Defendant asks the Court to dismiss for lack of subject matter jurisdiction to confirm the award. For the reasons below, Defendant's motion is DENIED. Plaintiffs' motion to confirm the award and to dismiss the crossclaim is GRANTED. I also grant Plaintiffs' request for prejudgment interest but deny their request for attorney's fees.

## BACKGROUND

       This matter has a fairly long history. For our purposes, it begins with a collective bargaining agreement entered into in 2005 (the "CBA") between Defendant and Local 3127, United Brotherhood of Carpenters and Joiners of America. The CBA obligated Defendant *inter alia* to make certain payments to the Local 3127 Welfare Fund and the Local 3127 Pension Fund. According to Plaintiffs, Local 3127 was the predecessor to Local 2870, United Brotherhood of Carpenters and Joiners of America. On April 15, 2009, Defendant executed a written settlement agreement with Local 2870 to resolve a pending lawsuit to recover funds owed pursuant to the CBA. This settlement agreement included language referencing the CBA to identify the method by which payment amounts would be determined:

> Once [Defendant] completes the payments required by the NLRB settlement in Case No. 29-CA-29072, [Defendant] will make monthly payments to the Hollow Metal funds to pay the amounts as may be agreed by the parties or determined by

1

> judicial proceedings or in accordance with the grievance procedure of the Local 2870 collective bargaining agreement that remain for contribution principle [sic] and interest. (The parties have agreed to use the American Arbitration Association instead of the New York Employment Relations Board in the event the parties go to arbitration).

(Kalick Decl. Ex. C ¶ 8.E.)  Paragraph 8.E then specifically excludes costs and attorneys fees should Defendant lose at arbitration.  The settlement agreement in large measure thus implemented the terms of the CBA's dispute resolution procedures, which provided that "[a]ll complaints, disputes or grievances arising between the parties [to] this Agreement, involving questions of interpretation or application of any clause of the Agreement . . . shall be submitted for arbitration" if a direct agreement could not be reached.  (*See* Villalta Decl. Ex. A ¶ 20.)  In accordance with the settlement agreement and the CBA, the parties decided to arbitrate.  And on September 7, 2011, the arbitrator found Defendant liable for $476,505.69 in unpaid principal and interest.

According to Plaintiffs, Local 2870 then changed its name to Local 2790 in or about August 2011.  (Villalta Decl. ¶ 2.)  And Plaintiffs submit declarations indicating that the Hollow Metal Trust Fund and the Hollow Metal Pension Fund are the successors to the Local 3127 Welfare Fund and the Local 3127 Pension Fund, respectively.  (Kalick Decl. ¶ 5.)  These successor entities bring the action here.

## DISCUSSION

### A. The Succession Dispute

Defendant first disputes whether Plaintiffs are the proper entities to bring this action.  But as Plaintiffs' declarations make clear, these entities are the authorized successors to the previous local labor entities referenced in the CBA, the April 15, 2009 settlement agreement, and the ensuing arbitration.  Without evidence to the contrary, I accept these declarations as true based on the declarants' personal knowledge.  *See Bank of Am., Nat'l Ass'n v. Kamico, Inc.*, No. 11 Civ. 5255, 2012 WL 1449185, at *6 (S.D.N.Y. Apr. 24, 2012) (accepting declaration made on personal knowledge where no evidence was presented to call credibility into question).

Further, to the extent that Defendant argues that Plaintiffs here may not seek benefits under the CBA, that argument is also unavailing.  Indeed, the CBA by its terms "shall bind, apply to and inure to the benefits of the parties, their successors, assigns or transferee[s]."  (*Id.* ¶ 26 (emphasis added).)  And tellingly, in the settlement agreement itself, Defendant conceded

that Local 2870 "succeeded" Local 3127.  (*Id.* ¶ 4.)  Therefore, the CBA is applicable to the successor labor organizations petitioning for relief here.

### B.  Jurisdiction Under the LMRA

Defendant next disputes the Court's jurisdiction to confirm the arbitration award here.  As Defendant concedes, § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, confers subject matter jurisdiction to confirm labor arbitration awards arising from the breach of a collective bargaining agreement.  *See Trustees of Sheet Metal Workers Int'l Ass'n Local No. 38 Vacation Fund v. Katonah Roofing, Inc.*, Nos. 10 Civ. 1619, 11 Civ. 8185, 2011 WL 9010113, at *7 (S.D.N.Y. Sept. 4, 2011) (citing *Porter v. Thompson Roofing & Sheet Metal Co., Inc.*, 242 F.3d 367, 2000 WL 1761871, at *1 (2d Cir. 2000)).  Defendant contends that the dispute here involves only the parties' settlement agreement, not the CBA or any other labor agreement.  But that settlement agreement expressly related to "[Defendant]'s failure to pay fringe benefit contributions."  (Kalick Decl. Ex. C ¶ 8.)  And as explained above, the parties agreed to arbitrate under the settlement agreement in accordance with the CBA.  Accordingly, Plaintiffs were entitled to these contributions only pursuant to the CBA.  (*See* Villalta Decl. Ex. A ¶¶ 6, 8; Morris Decl. Ex. A, at 4 (arbitrator's final award found Defendant was "delinquent in fringe benefit contributions due under its labor agreement") .)  Plaintiffs' petition here thus falls squarely within the Court's subject matter jurisdiction under the LMRA.   I therefore need not consider Plaintiffs' alternative grounds for jurisdiction.

### C.  Entitlement to Relief Under the LMRA

I also need not consider Defendant's argument that the Federal Arbitration Act ("FAA") does not permit confirmation of the arbitration award here because the LMRA provides an independent ground for the relief Plaintiffs seek.  Indeed, "the FAA is no longer applicable to actions to enforce arbitration awards brought pursuant to § 301 of the LMRA." *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 222 (2d Cir. 2002) (citing *Coca-Cola Bottling Co. v. Soft Drink & Brewery Workers Union Local 812*, 242 F.3d 52, 54 (2d Cir. 2001)).  Therefore, Plaintiffs need not comply strictly with the FAA's requirements to seek confirmation of the arbitration award under LMRA § 301.  *Id.*; *see also 1199 SEIU United Healthcare Workers E. v. Lily Pond Nursing Home*, No. 07 Civ. 0408, 2008 WL 4443945, at *1 (S.D.N.Y. Sept. 29, 2008) (confirming arbitration award under LMRA § 301).  As these are the only grounds upon which Defendant moves to dismiss, that motion is denied.

### D. Confirmation of the Award

I turn next to the merits of Plaintiffs' petition.  In this regard, "judicial review of an arbitrator's interpretation of a collective bargaining agreement is extremely limited." *Lily Pond Nursing Home*, 2008 WL 4443945, at *4.  Nevertheless, in addition to Defendant's jurisdictional defenses, Defendant also brought a counterclaim seeking to vacate the arbitration award on grounds of "bias, mistake, abuse of discretion, failure to follow the arbitration agreement, and further upon the statutory grounds specific in CPLR 7511."  (Def.'s Counterclaim.)  But Defendant did not pursue those arguments in its motion to dismiss or in opposition to Plaintiffs' motion to confirm the award and dismiss the counterclaim.

Yet even if it had, Defendant's counterclaim is time-barred.  Applications to vacate an arbitration award under LMRA § 301 must be brought "within ninety days of the date that the award was delivered to that party."  *Id.* at *2 (citing *Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)) (borrowing state statute of limitations in N.Y.C.P.L.R. 7511(a)).  Here, the arbitrator delivered the final award to Defendant on September 13, 2011.  (Kalick Decl. Ex. B.)  This action commenced on June 14, 2012, and Defendant filed its counterclaim on August 3, 2012.  As Defendant's counterclaim to vacate was therefore untimely, Plaintiffs may rely on that award as valid.  *See Parker Meridien Hotel*, 145 F.3d at 89 ("When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding.").  Accordingly, I dismiss Defendant's counterclaim to vacate and I confirm the arbitration award.

### E. Prejudgment Interest and Attorney's Fees

Plaintiffs also request prejudgment interest and attorney's fees.  "The decision whether to grant prejudgment interest in arbitration confirmations is left to the discretion of the district court."  *Serv. Employees Int'l Union, Local 32BJ, AFL-CIO v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004).  But "in the context of arbitration award confirmations, there is 'a presumption in favor of prejudgment interest.'"  *Id.* (quoting *Waterside Ocean Navigation Co. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984)).  Here, the parties' settlement agreement provided that Defendant would be subject to "late payment interest as required by law" but did not dictate the rate to be imposed.  (Kalick Decl. Ex. C ¶ 8.E.)  Nor did the CBA provide for an interest rate.  Because Defendant does not object to Plaintiffs' request

4

for interest to be calculated at the prime lending rate plus two percentage points—as of the date of this order, 5.25% based on the current 3.25% prime rate—I award Plaintiffs 5.25% in prejudgment interest.

But I decline to award attorney's fees to Plaintiffs. The parties' settlement agreement provided that Defendant would be liable for "[n]o other damages (except late payment interest as required by law), costs, or attorneys fees." (Kalick Decl. Ex. C ¶ 8.E.) Nor does the CBA provide otherwise. I therefore decline to award attorney's fees incurred to confirm the arbitration award. *Cf. Tourangeau v. Uniroyal, Inc.*, 101 F.3d 300, 308–09 (2d Cir. 1996) (looking to language of settlement agreement to determine whether attorney's fees were available in later action to enforce that agreement).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to confirm the $476,505.69 award and to dismiss Defendant's counterclaim is GRANTED. Defendant's motion to dismiss is DENIED. Plaintiffs are also awarded prejudgment interest at 5.25% from September 7, 2011 to the date judgment is entered. The Clerk of Court is instructed to enter judgment accordingly, close all pending motions, close this case, and remove it from my docket.

SO ORDERED.

Date: 8/15/13
New York, New York

HAROLD BAER, JR.
United States District Judge

5